Mary K. Alejandro
Acting Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Luis A. Garcia**, Attorney (CSBN #146876)
Office of the Solicitor
United States Department of Labor
350 South Figueroa Street, Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-2681
    Facsimile:  (213) 894-2064
garcia.luis.a@dol.gov

Attorneys for the Plaintiff
Secretary of Labor

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>   Secretary of Labor,<br>    United States Department of Labor,<br><br>              Plaintiff,<br>   v.<br><br>**SOCAL COPACK INC**,, a California corporation,<br><br>              Defendant. | Case No. CV12-01633-ODW(VBKx)<br><br>**CONSENT JUDGMENT** |

    The plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary") and defendant SOCAL COPACK INC., a California corporation ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that Defendant violated provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(1), 215(a)(2) and 215(a)(5).

    B.    Defendant has appeared and acknowledge receipt of a copy of the Secretary's Complaint.

C.  Defendant waives issuances and service of process and waives answer and any defenses to the Secretary's Complaint.

D.  The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.  Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F.  Defendant has paid $47,066.23 in backwages found due to their employees for the period of July 21, 2009 through July 21, 2011.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**ORDERED, ADJUDGED, AND DECREED** that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

1.  Defendant shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. §§ 203(s), wages at a rate less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.  Defendant shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 207(s), for any workweek longer than 40 hours unless such employee

receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendant shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee has been employed in violation of FLSA §§ 6 and/or 7, 29 U.S.C. §§ 206 and/or 207.

**ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), for any period not specified therein; and, it is further

**ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

**ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: March 6, 2012

_____
U.S. DISTRICT COURT JUDGE